# DANIEL RUFFIN *v.* STATE OF MARYLAND

[No. 250, September Term, 1969.]

*Decided August 5, 1970.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Harvey A. Blum* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert C. Stewart, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Daniel Ruffin, was tried in the Criminal Court of Baltimore in a court trial by Judge Basil A. Thomas upon a two count indictment charging him with assault with intent to murder Hattie Louise Johnson (first count) and common law assault upon her (second count). He was found not guilty on the first count and guilty on the second count and was sentenced to five years under the jurisdiction of the Department of Correctional Services.

Appellant presents two questions on appeal, namely:

1) Was appellant denied a speedy trial?
2) Did the lower court err in finding the appellant guilty of common law assault?

## I

Appellant first contends that he was denied a speedy trial. Appellant was indicted on September 6, 1968. On November 6, 1968, appellant's counsel filed a motion for a speedy trial and trial was set for November 21, 1968. At that time the State moved for, and was granted, a postponement because the victim and prosecuting witness, Hattie Louise Johnson, was in the hospital. The trial was reset for December 17, 1968, and was again postponed at the State's request because Miss Johnson was still in the hospital. The trial was reset for February 25, 1969, on

which date Judge Thomas heard the motion to dismiss the indictment for lack of a speedy trial and denied the motion. Following denial of the motion, the trial itself was held on that date before Judge Thomas, sitting as a jury. We find no merit to appellant's contention that he was denied a speedy trial. It was manifestly impossible for the State to try the case before that date because of the physical condition of the victim and prosecuting witness, Hattie Louise Johnson, who was hospitalized from the date she was shot, July 14, 1968, until August 20, 1968, and again from November 15, 1968, through February 13, 1969. Trial was held on February 25, 1969. From the date of the indictment until the date of trial was approximately five and one-half months. Here the length of the delay was not unreasonable, the reason for the delay was apparent and the appellant has shown no prejudice. See *Stevenson and Borum v. State,* 4 Md. App. 1; *Johnson v. State,* 4 Md. App. 648; *Hall v. State,* 3 Md. App. 680.

## II

Appellant next contends that he should have been found not guilty of assault upon Hattie Louise Johnson, an innocent third party, as he was acting in self-defense at the time she was shot.

The testimony as shown by the record reveals that on the evening of July 14, 1968, the victim, Hattie Louise Johnson, then age 13, accompanied by several young friends, among whom was a girl named Barnie, were at a playground at 770 W. Saratoga Street in Baltimore. Another girl named Denise entered the playground and an argument ensued between Denise and Barnie which resulted in a fight. After the fight had been broken up, Denise picked up a piece of glass and threw it at Barnie. Instead of hitting Barnie, the glass struck the appellant, Daniel Ruffin, on the arm. The appellant, age 18, then took off his coat and struck Denise in the eye with his fist. About this time Denise's mother, accompanied by a cousin, Kenneth Branahan, also known as "Shorty", arrived at the playground. Shorty was accompanied by two

friends who were on leave from military service at the time. Shorty asked appellant why he had struck Denise, and when told that she had hit him with a piece of glass, Shorty told him that was no reason to hit her, and appellant replied, "What you mean Man, I ain't no reason for hitting her." The testimony further shows that when it looked like there might be trouble, the victim, Hattie Louise Johnson, ran to her apartment adjoining the playground as did the other girls. As she watched from the apartment areaway, she observed Shorty walking towards the appellant and saw the appellant with a gun in his hand. Mrs. Morris, the mother of Denise, testified that she observed Shorty and one of his friends walk towards the appellant and that appellant said, "Don't crowd me"; that when Shorty and his friend continued to advance, appellant pulled a gun out of his side pocket and fired two shots and then turned and ran. The shots were not fired at Shorty and his friend but from 10 to 12 feet to their right in the direction of the apartment building. One of the shots struck Hattie Louise Johnson, seriously wounding her.

Appellant was found not guilty of assault with intent to murder but guilty of common law assault upon Hattie Louise Johnson, an innocent bystander. While we are not called upon to decide the question, we are of the opinion that the lower court was correct in finding the appellant not guilty of assault with intent to murder. It is apparent from the evidence that there was no specific intent to inflict great bodily harm upon either Shorty or his companion, in that the firing of the revolver was directed some 10 to 12 feet to the right of them as they approached the appellant. The shots were fired as a warning not to come closer, after which the appellant fled.

The lower court apparently based its finding of not guilty of assault with intent to murder upon a finding that appellant fired the shots in an effort to deter Shorty and his friend from attacking him. However, the lower court further found that appellant had in his possession a dangerous and deadly weapon which he had no right to pos-

sess, and when he fired in a direction where other people were standing, he acted with a reckless disregard for the rights of others and was guilty of an assault upon an innocent bystander who was struck by one of the bullets.

We are of the opinion that even though appellant purportedly was acting in self-defense, his action in firing the weapon in a direction of the apartment building, where he had cause to believe that third parties were present, was so grossly negligent as to constitute criminal negligence. Criminal negligence is defined as "a wanton or reckless disregard for human life, a degree of carelessness amounting to a culpable disregard of the rights and safety of others. . ." 65A *Corpus Juris Secundum* 1075. See also *Craig v. State,* 220 Md. 590, 597. The general rule is that criminal liability may arise from the grossly negligent use of a firearm. *Morris v. State,* 4 Md. App. 328; 1 *Wharton Criminal Law and Procedure,* § 292.

From the record the trial court could have found that appellant acted in a grossly negligent manner and thus we cannot say that the trial court was clearly erroneous in finding appellant guilty of common law assault. Maryland Rule 1086.

*Judgment affirmed.*