STATE of Missouri, Respondent,

v.

Roger D. HINES, Appellant.

No. KCD 30001.

Missouri Court of Appeals, Western District.

April 30, 1979.

Harry D. Boul, Columbia, for appellant.

James G. Gregory, Montgomery City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Roger Hines was convicted by a jury of common assault, § 559.220 [1] RSMo 1969, and sentenced to pay a fine of $50. On this appeal he contends the court erred in (1) admitting photographs in evidence; (2) giving an instruction which assumed the commission of an assault; (3) failing to give an instruction on excusable use of force; and (4) failing to define the term assault in the instructions. Affirmed.

The sufficiency of the evidence is not challenged and the jury could reasonably have found that Roger Hines and Rose Ann Fowler enjoyed both an employer-employee and personal relationship. In April, 1974, Hines located Rose Ann at the apartment of one of her friends, entered the apartment and made a disparaging remark to Rose Ann about her hairdo. Thereafter the two of them went out to the parking lot to a Volkswagen which Rose Ann was driving but on which she was making monthly payments to Hines. Rose Ann testified that an argument ensued from Hines' demand for the keys to the car and that Hines left but later returned. Rose Ann said she finally gave Hines the keys, but did so with a jab in the palm, and she later slapped him. Thereafter, while Rose Ann was sitting in the front seat of the car, kicking Hines in the chest, he pulled her from the car by her ankles. Rose Ann stated that during the encounter her arm was twisted and she, as well as Hines, was scratched.

After Rose Ann obtained a ride home, she went first to a friend's home and called the police, then to the University of Missouri Medical Center where numerous bruises were noted. Later she went to the Columbia police station where pictures were taken of her arms, legs and back.

Hines did not testify or offer any evidence.

Hines first contends the court erred in admitting into evidence five Polaroid color pictures taken by a member of the Columbia Police Department. When these pictures were introduced, Hines' counsel, who was different from counsel on this appeal, objected on the grounds there had not been any connection between the condition of Rose Ann shown in the pictures and the incident relating to Hines. On this appeal counsel tends to broaden the grounds upon which he contends the pictures are inadmissible, but this court is limited to the grounds stated to the trial court at the time the objection was made. *State v. Love*, 546 S.W.2d 441, 450–51[8] (Mo.App. 1977). The pictures showed bruises on Rose Ann's back, forearms, left upper arm and both legs at the knee and just below. It is stated in *State v. Lee*, 549 S.W.2d 934, 939 (Mo.App.1977) that demonstrative evidence need only establish any fact in issue or aid the jury in any way at arriving at a correct verdict. The court further stated it is sufficient if the demonstrative evidence corroborates other testimony because the State, having the burden of proof, should not be limited as to its quantum of proof.

Here Rose Ann testified to a struggle between herself and Hines in which she stated Hines twisted her arm and pulled her from the car by her ankles. Certainly, photographs showing bruises on Rose Ann's arms, legs and back would be proof which would help the jury understand the physical appearance of Rose Ann after the struggle. Further, the pictures would corroborate Rose Ann's testimony as to the arm twist-

1. Any person who shall assault or beat or wound another, under such circumstances as not to constitute any other offense herein defined, shall upon conviction, be punished by a fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.

ing and the pulling from the car which she attributed to Hines. The photographs were properly admitted.

■ Hines next contends the court erred in giving Instruction No. 6 which was MAI-CR 2.40, modified. The only question relates to the first paragraph, which read as follows:

One of the issues in this case is whether the assault on Rose Ann Fowler was a 'justifiable assault.' By 'justifiable assault' is meant the assaulting of another in lawful self defense.

Hines contends this instruction assumed the existence of the assault rather than leaving it to the jury to find whether or not the assault occurred. Although the MAI-CR instruction deals with homicide, as specified in the Notes on Use, it may be adapted for use in assault cases.

■ It must be noted at the outset the criticism leveled at this instruction was not contained in the motion for new trial and thus was not preserved for review. *State v. Pittman*, 569 S.W.2d 277, 279[1, 2] (Mo.App. 1978). However, Hines requests this argument be considered under Rule 27.20(c), commonly referred to as the plain error rule. It is well settled that " 'instructional error is not "plain error" unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice, * * * .' " *State v. Johnson*, 559 S.W.2d 756, 758[2, 3] (Mo.App. 1977).

■ The situation here is very similar to that in *State v. Gailes*, 428 S.W.2d 555, 559[6, 7] (Mo.1968), where the court first observed that the instruction there involved, standing alone and without reference to the other instructions, would assume a fact in issue. The court explained that the instruction must be considered together with the verdict directing instruction, and when so considered the instruction did not impermissibly assume a fact in issue. Here the verdict directing instruction, in the form of MAI-CR 6.26, required the jury to find: first, that Hines assaulted Rose Ann by grabbing her ankles and pull-

ing her from a motor vehicle; second, that Hines did this intentionally; and third, that such assault by Hines was not justified as submitted in Instruction No. 6. Thus, the jury was clearly instructed that (1) they had to find Hines intentionally grabbed Rose Ann's ankles and pulled her from the car before they could find him guilty of assault, and (2) even then they could find him guilty only if they found his acts were not justified as submitted in Instruction No. 6. As held in *Gailes*, Instruction No. 6 would not have led a reasonably intelligent jury to conclude that the court was assuming an assault had occurred to the exclusion of a finding by the jury that an assault was in fact committed by Hines. As also observed in *Gailes*, all the instructions constitute a single charge to the jury and must be considered as a whole. This court concludes, as did the court in *Gailes*, that Hines was not prejudiced by the first paragraph of Instruction No. 6 because the jury would not have understood that it could find Hines guilty of an assault without first finding the facts submitted by the verdict director, Instruction No. 5. Under the applicable standard of review no manifest injustice appears.

■ Hines next contends the court should have given on its own motion an instruction in the form of MAI-CR 2.28, submitting the issue of the use of excusable force by Hines. This instruction, also designed for use in homicide cases, would have allowed the jury to acquit if it found the assault was the result of accident or misfortune. The first paragraph of Notes on Use following MAI-CR 2.28 states this instruction must be given, whether requested or not, if there is evidence to support it. Hines fails to demonstrate what evidence in this record would justify the giving of this instruction and this court has been unable to discern any such evidence on its own. The only evidence as to the assault came from Rose Ann and under her testimony she jabbed Hines in the palm with the car keys and slapped his face; he, in turn twisted her arm and pulled her from the car by her ankles. There is absolutely nothing in this evidence to indicate Hines acted as a

result of an accident. Absent evidence to support the giving of such an instruction, the failure to give it was correct.

Hines finally contends the court should have instructed the jury as to the definition of the term "assault" in connection with its use in Instruction No. 5. This same contention was rejected in *State v. Hammond*, 571 S.W.2d 114, 117[4] (Mo. banc 1978) when the court held the use of the term assault in connection with a description of the specific act constituting the assault adequately submitted the charge without defining the term "assault."

The judgment is affirmed.

All concur.