**Reginald BULLOCK, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42233.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied
Jan. 13, 1981.

James W. Whitney, Jr., St. Louis, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. We reverse in part and affirm in part.

Movant pled guilty to the charges of robbery first degree, in violation of § 560.120, RSMo. 1969; armed criminal action, in violation of § 559.225, RSMo.Supp. 1976; and burglary and stealing, in violation of § 560.-110, RSMo. 1969. He was sentenced as follows:

A. Robbery first degree–fifteen years;

B. Armed criminal action–ten years;

C. Burglary first degree–ten years;

D. Stealing (part of burglary first degree charge)–five years.

All of the time was to run concurrently.

Movant then filed a Rule 27.26 motion to vacate his guilty pleas. His motion alleged that the robbery first degree and burglary and stealing charges in Counts I and III violated his rights against double jeopardy. No evidentiary hearing was had, and movant's motion was denied. Movant appeals.

On July 21, 1977, appellant entered the residence of Charles Dietrich in University City, Missouri. When Mr. Dietrich first observed the appellant, the appellant already had in his possession two of Dietrich's guns and a knife. Appellant then ordered Dietrich into the bedroom at which time Dietrich was tied to the bed and threatened with the weapons. The evidence showed that appellant then removed United States currency and a gold watch from defendant before taking several other items of property from the house.

Movant contends that the taking of property in the burglary and stealing (Count III) and the taking of property in the robbery first degree (Count I) are one and the same. He further contends that conviction

of both counts amounted to double jeopardy violating his constitutional rights. Movant is not correct.

■ Movant was not subjected to multiple punishments for a single offense but rather his convictions are based on separate, cognizable offenses committed at different times, albeit in the same sequence of events. Missouri follows the separate offense rule. *State v. Carter,* 535 S.W.2d 537, 538 (Mo.App.1976). A defendant may be prosecuted for several offenses arising out of a single transaction since each offense requires proof of a necessary element not required in the proof of the other offense. *State v. Chambers,* 524 S.W.2d 826, 828 (Mo.banc 1975).

■ The requirements for a taking are that the defendant wrongfully assume control over the property of another inconsistent with the owner's rights. *State v. Knabe,* 538 S.W.2d 589, 592 (Mo.App.1976). The taking of the United States currency and the gold watch from the victim was a separate and distinct taking from that involved in the burglary and stealing offense. Movant had already committed the elements necessary to constitute burglary and stealing when he was interrupted by the victim and then committed the robbery alleged in Count I of the indictment.

Movant's plea was made knowingly and voluntarily, so, as to this point, he has failed to state any allegation which, if true, would entitle him to relief under Rule 27.26.

■ Defendant next charges error in the conviction of robbery in the first degree, Count I, and armed criminal action, Count II, by reason of double jeopardy, citing *Sours v. State,* 593 S.W.2d 208 (Mo.banc 1980) (*Sours I*). We review movant's point as plain error since it is raised for the first time in this appeal. Movant is correct as to the armed criminal action conviction.

Reference is made to the United States Supreme Court's disposition of *Sours I.* By authority of *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court ordered *Sours I* vacated and reconsidered.

*Missouri v. Sours,* 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980). Our Missouri Supreme Court reconsidered *Sours I* pursuant to the United States Supreme Court mandate. *Sours v. State,* 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*). By reason of *Sours II,* the ten year sentence for armed criminal action cannot stand but the robbery conviction is valid.

That part of the judgment of the circuit court imposing a ten year sentence on defendant for armed criminal action is reversed. That part of the judgment imposing a fifteen year sentence for first degree robbery and a ten year sentence for burglary and a five year sentence for stealing is affirmed.

REINHARD and SNYDER, JJ., concur.