**STATE of Missouri, Respondent,**

v.

**Kenneth E. WEST, Appellant.**

**No. WD 32048.**

Missouri Court of Appeals,
Western District.

Oct. 13, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 17, 1981.

Application to Transfer Denied Jan. 18, 1982.

Patrick Beeman, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

Kenneth E. West was indicted for the offense of stealing and he was jury tried and convicted. He now appeals contending in his principal points that the evidence was insufficient to support the charge and the verdict. He also complains as to admission of improper evidence, the failure to give a defense tendered instruction and improper argument by the state. Affirmed.

At approximately 1:00 a. m. the night of April 14, 1979, the night shift manager at a retail automobile sales and service establishment in Clay County noticed unusual activity in the sales lot and called security guards. When the guards arrived, they heard a loud boom as if something had been dropped. Further inspection revealed a pickup truck with Wyandotte County, Kansas license plates next to which was a camper shell on the ground. The camper shell was the property of the sales agency. Near the truck was one Street, later identified as the owner of the pickup truck.

While Street was being questioned, the guards noticed the shadow of a person running between rows of parked vehicles on the lot and one guard gave chase. West was found crouched down behind a van. Inspection of Street's truck disclosed two large C-clamps which are commonly used to attach camper shells to pickup trucks. The camper shell found on the ground next to Street's truck was about eight feet long and weighed 250 to 300 pounds.

Before turning to the merits of the contentions on appeal, it is first necessary to observe that West's motion for new trial was filed out of time, an impediment with which West does not deal in his brief.

■ This case was tried and the verdict was returned May 19, 1980. At that time, West requested and the trial court granted thirty days in which to file West's new trial motion. The motion was not filed, however, until June 19, 1980, the thirty-first day, and was beyond the time extension granted by the court. Moreover, the trial court erred in its grant of additional time in excess of its jurisdiction. Rule 29.11(b) requires that a new trial motion be filed within fifteen days after the verdict is returned and limits the court to one extension for a period not to exceed ten days. Thus, the last day for West's motion to be filed

was June 13, 1980, and his filing six days later was too late. Because the new trial motion was out of time, it preserves nothing for appellate review and we consider the cause only as to issues deemed plain error under Rules 29.12(b) and 30.20. *State v. Rainwater*, 602 S.W.2d 233 (Mo.App. 1980).

We consider now West's claim that the state's evidence made no case against him for stealing, an issue of appropriate gravity to warrant consideration under the plain error doctrine. Because West himself did not testify and he offered no evidence, the facts previously summarized are drawn from testimony by the state's witnesses. That evidence and the inferences to be drawn therefrom are considered in the light most favorable to accord with the verdict the jury reached, the sufficiency of the evidence being that which would persuade reasonable jurors to find the defendant guilty as charged. *State v. Wood*, 596 S.W.2d 394, 400 (Mo. banc 1980), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

The proof adduced here quite apparently was circumstantial in character and depended on inferences to link West to the abortive theft of the camper shell. West argues, first, that the evidence of his presence at the scene and attempted flight was insufficient to show affirmative participation in the crime and, second, that there was no evidence the camper shell had been appropriated as required to complete the offense of stealing.

In *State v. Biddle*, 599 S.W.2d 182 (Mo. banc 1980), the court re-examined the standards applicable to appellate review of a conviction based entirely on circumstantial evidence. Citing *State v. Franco*, 544 S.W.2d 533 (Mo. banc 1976), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977), the court held that circumstantial evidence alone is sufficient to support a conviction only if the facts shown are consistent with each other and with the guilt of the defendant and are inconsistent with any reasonable hypothesis of innocence. Of course, the evidence need not be absolutely conclusive of guilt or demonstrate the impossibility of innocence. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980), *vacated on other grounds*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), on remand *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981); *State v. Lumsden*, 589 S.W.2d 226, 227 (Mo. banc 1979), *cert. denied*, 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980).

In this case, West was present at the scene of the theft and attempted to conceal himself from the security guards, an act equivalent to flight. While presence at the scene of a crime is not alone enough to support conviction, that element coupled with flight and suspicious conduct may give rise to circumstances from which guilt may be inferred. *State v. Juralos*, 611 S.W.2d 569 (Mo.App.1981).

In addition to West's presence nearby and his attempt to avoid detection, other facts bear significantly on West's involvement in the crime. He had no legitimate basis to be on the sales lot after midnight when the business was closed. Following a loud noise, as of something being dropped, a camper shell recently removed from a display vehicle was found on the ground. The camper shell was of weight and dimensions precluding removal by one man and, of those on the premises at the time, only West and Street were not company employees. The only vehicle at hand not belonging to the sales agency was Street's pickup truck which had no camper shell but did have C-clamps used to fasten camper shells to pickup trucks.

The foregoing facts are both consistent with each other and with West's participation in the aborted theft of the camper shell and are inconsistent with any reasonable hypothesis of West's innocence. The evidence, although circumstantial in character, was sufficient to make a submissible case.

West next asserts that the evidence was insufficient to convict him of stealing, even as an aider of Street, because the essential element of appropriation was not shown. Despite the inference to be drawn from the

fact that Street's truck was parked next to the display vehicle from which the camper had been removed, West contends that at most the conclusion would be that Street intended to but had not yet appropriated the shell when the security guards intervened.

■ The inference from the facts recited, favorable to the state and consistent with the jury's verdict, is that West and Street came to the sales lot with the purpose of taking a camper shell and attaching it to Street's truck. When the project had progressed to the point where West and Street had detached the shell from the display vehicle and were moving it preparatory to placing it on Street's truck, the security guards appeared and the culprits dropped the shell and attempted to avoid apprehension. The appropriation consisted of the initial taking for whatever period of time was required to move the shell to the point where it was dropped.

■ The requirements of a taking in a crime against property are that the accused wrongfully assume control over the property of another inconsistent with the owner's rights. *Bullock v. State,* 608 S.W.2d 480 (Mo.App.1980). The fact that the accused had control over the property even for an instant is sufficient to establish the completed crime. *State v. Williams,* 597 S.W.2d 722 (Mo.App.1980). The length of time during which dominion is exercised is immaterial. *State v. Knabe,* 538 S.W.2d 589 (Mo.App.1976). The evidence here was sufficient to establish that West, in company with Street, assumed control over the camper shell by removing it from the place where they found it and this taking, inconsistent with the owner's rights, was an appropriation.

In three additional points, West complains that evidence disclosing his home address in Kansas City, Kansas, where Street also lived, was hearsay and should not have been admitted; that an instruction tendered by him and not found in MAI–CR2d should have been given; and that closing argument by the state seeking an unfavorable inference on account of West's failure to testify should have prompted the court to declare a mistrial sua sponte.

■ As noted earlier, the failure of West to file a timely motion for new trial results in these issues not being preserved. In the interest of laying the questions to rest, however, we have examined the points and find them to be without merit. As to the location of West's home, the testimony came from one of the security guards without any indication of how he acquired the information. Nothing in the record supplies any basis to conclude that the information did not come from an appropriate source as, for example, West's own statement. The bare objection on hearsay grounds is insufficient where no foundation has been laid to demonstrate that the testimony rests on the credibility of an out-of-court declarant.

■ The instruction which West tendered and which was not given required the jury to acquit West unless it found that West, in addition to being present at the scene of the crime, "actively participated in the offense." West cites no authority to support the giving of this instruction nor has he indicated why the subject was not adequately covered by MAI–CR2d 2.10 which was given. The jury was properly instructed, under MAI–CR2d 2.10, that mere presence at the scene of an offense is not alone sufficient proof of guilt, but must be considered together with all other evidence. Also included were the first and second paragraphs from MAI–CR2d 2.12 requiring that the jury find as a condition for conviction that West aided Street in committing the offense. The subject of "active participation" was thereby adequately covered and West suffered no prejudice because his alternate to the MAI–CR2d form was not used.

■ Finally, the closing argument about which West now complains was offered without any objection whatever when the argument was made. Moreover, the prosecutor's comment was, in substance, that the only evidence in the case was that offered by the state and that evidence was

uncontroverted. By no reasonable interpretation of the situation here could it be inferred that the argument touched upon West's failure to testify. This type of general statement which notes the failure of the defense to put forward any evidence has been consistently approved. *State v. Inscore*, 592 S.W.2d 809, 813 (Mo. banc 1980).

The judgment is affirmed.

All concur.