STATE of Missouri, Respondent,

v.

Carolyn P. COATS, Appellant.

No. 46979.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1984.

Claude Hanks, Creve Coeur, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals her convictions by a jury of robbery in the first degree, burglary in the first degree, and unlawful use (flourishing) of a weapon. She was sentenced to concurrent ten year terms on the robbery and burglary counts, and to a consecutive five year term on the weapons count. We affirm.

Victims (mother and daughter) were at home in St. Louis County on the evening of March 3, 1982. Mother's friend, Stephanie, who lived with them, was not there. Mother heard a knock on the door. She looked out the window, recognizing a station wagon previously driven by one Roy Cook.

When mother opened the door, defendant was there. Defendant asked if Stephanie was home, indicating that she wished to pay Stephanie some money defendant owed her. Mother invited defendant, whom she did not know, into her house because it was raining. After three to five minutes passed, there was another knock at the door. When mother answered it, a ski-masked Roy Cook entered and began choking mother.

Daughter was awakened by the knocks on the door. While her mother was being choked, she ran to the kitchen to telephone the police. Defendant, using a pistol, prevented the telephone call, threatening to kill daughter unless she shut-up. Cook, who also had a gun, continued choking mother, demanding her big diamond ring. He threatened to kill mother unless daughter was quiet. Defendant and Cook left with jewelry, and mother's two fur coats.

■ For the first Point Relied On, defendant asserts double jeopardy. She cites *State v. Paglino*, 291 S.W.2d 850, 857 (Mo. 1956) for the proposition the elements required to find defendant guilty of burglary in the first degree were identical to those for robbery in the first degree. But not so. *See Bullock v. State*, 608 S.W.2d 480, 482 (Mo.App.1980). First degree robbery requires a forcible theft, a separate and distinct element of the crime, where first degree burglary requires a knowingly unlawful entry into, or stay in, a building, as a distinct and separate element. Sections 569.020, 569.160, RSMo 1978.

■ For the second Point Relied On, defendant asserts the trial court erred in restricting her cross-examination of mother regarding her employment and her reporting of her income on her income tax returns. Defendant offered to prove mother failed to report income derived from prostitution on her income tax returns. The extent of cross-examination rests largely with the trial court. *State v. Powell*, 632 S.W.2d 55, 58 (Mo.App.1982). There was no prejudicial error in so restricting defendant's cross-examination of mother. *State v. Allen*, 435 S.W.2d 375, 377 (Mo.1968).

■ Finally, defendant claims the trial court erred in giving Instructions 5 and 6 because the instruction required the same element to find defendant guilty. Defendant did not set out those instructions in her brief, as required by Rule 30.06(e), and accordingly, has not preserved this point for review. In any event, we find no prejudicial error in the giving of these instructions. *See State v. Charles*, 612 S.W.2d

778, 781 (Mo. banc 1981); *State v. Swingler,* 632 S.W.2d 267, 269–70 (Mo.App. 1982).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.