**STATE of Missouri, Respondent,**

v.

**Henry W. HARRIS, Appellant.**

**No. 50006.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1986.
Rehearing Denied Oct. 1, 1986.

Lloyd J. Jordan, St. Louis, for appellant.

William L. Webster, Carrie Francke, Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal from a jury verdict and judgment convicting appellant Henry Harris of one count of assault in the second degree, § 565.060, RSMo. Cum.Supp.1984, and one count of armed criminal action, § 571.015, RSMo.1978. Punishment was assessed at a fine of five thousand dollars for the second degree assault count and three years imprisonment on the armed criminal action count.

Appellant alleges error in the refusal to give instructions on self defense and excus-

able assault. We find no error and therefore affirm the judgment.

In appellant's first point relied on he contends the trial court erred in failing to submit the issue of self defense to the jury. Rule 30.06(e) requires an appellant who raises points relating to the giving, refusal, or modification of an instruction to set out the instruction in full in the argument portion of his brief. Appellant has failed to do so either in his original or reply brief, and therefore, his points are not preserved for review. *State v. Coats*, 668 S.W.2d 119, 120 [3] (Mo.App.1984). Review of self defense instruction issues, however, has been granted frequently under the plain error standard. Rule 29.12(b); *State v. Robinson*, 516 S.W.2d 40, 43 [1, 2] (Mo.App.1974). We will review for manifest injustice or miscarriage of justice.

■ MAI–CR instructions 2.28 on excusable homicide and 2.41, on justifiable use of force in self defense, may be modified for use in assault cases. *State v. Hines*, 581 S.W.2d 109, 111 [3, 7] (Mo.App.1979). Generally, a defendant has available the same defenses in an assault action as he would in a charge of homicide. *State v. Hunter*, 560 S.W.2d 48, 50–51 [2] (Mo.App.1977).

■ If there is substantial evidence putting self defense in issue, it is the duty of the trial court to instruct on self defense whether or not the defendant requests the instruction. *State v. Pride*, 567 S.W.2d 426, 430–31 [3, 4] (Mo.App.1978). The evidence must be reviewed in the light most favorable to defendant's theory of self defense. *State v. Ehlers*, 685 S.W.2d 942, 946–8 [6] (Mo.App.1985).

Considering the facts in the light most favorable to appellant's self defense argument, there was evidence appellant was chairman of the block cleaning committee in his neighborhood. Eddie Bailey lived in the same block as appellant and received several citations from the City of St. Louis for the poor condition of his property. On April 29, 1984, when appellant was distributing grass seeds and paint in the neighborhood, Bailey cursed at appellant and threatened him with a screwdriver. In June of 1984 Bailey stated that if the city gave "him any more trouble", Bailey and "his boys" would come after appellant Harris.

Two days before the shooting, appellant's car and truck were vandalized, the damage including slashed tires and seats. There was no evidence that Bailey was responsible for the vandalizing. On the day of the shooting, October 22, 1984, appellant had been at a tire shop paying for repairs required by the vandalization.

On the way home appellant saw Bailey in his front yard with a man named Robert Snider. Appellant stopped his automobile in front of Bailey's house and asked Bailey to leave appellant and appellant's property alone. Bailey began cursing at appellant Harris and told Harris that Harris had not seen anything yet.

Appellant got out of his car, carrying a briefcase, walked about 10 feet, and stood in Bailey's front yard. (Bailey testified, however, that appellant alighted from his automobile with the gun in his hand.) Bailey continued threatening appellant and then threw a metal tire axle or a part of an axle at Harris' head. Appellant Harris blocked the throw with his hand. The tire axle cut appellant's hand. After throwing the tire axle, Bailey threw a piece of wood at Harris. Appellant testified that he was nervous and shaky and was afraid to turn his back on Bailey because other things could be thrown.

Appellant reached for his pistol which he said he kept in his briefcase and then fired shots at Bailey's truck. Neither Bailey nor Snider were in the truck. Although appellant did not fire the gun at Bailey or Snider, Snider was hit by a bullet that ricocheted. Bailey was not injured.

■ The unintentional shooting of a bystander in defending oneself from a third person must be measured by the justification in shooting at that third party. *State v. Stallings*, 33 S.W.2d 914, 916 [3, 4], 326 Mo. 1037 (1930). In the instant case, appellant's justification for shooting Snider must

be measured by his justification in shooting at Bailey's truck.

One who relies upon self defense (a) must not have provoked or been the aggressor in the assault; (b) must have reasonable grounds for the belief that he is faced with the immediate danger of having a serious bodily injury inflicted upon him; (c) must not use more force than that which appears reasonably necessary; and (d) before resorting to extreme measures he must do everything in his power consistent with his own safety to avoid the danger and must retreat if retreat is practicable. *State v. Christie*, 604 S.W.2d 806, 808 [1] (Mo.App.1980).

Taking the elements in order, the jury could have believed appellant was only talking to Bailey at the time Bailey threw the tire axle at appellant's head. Insulting or inflammatory language is not provocation sufficient to justify an assault against the person using the language. *State v. Gordon*, 89 S.W. 1025, 1029–30 [6], 191 Mo. 114 (1905). Language spoken by appellant does not make appellant the aggressor when he resists an assault made by the person appellant is addressing. *Id.* Appellant has a right to defend himself against such an assault. *Id.*

The jury could have found also that appellant had a reasonable belief he was in danger of further attack from Bailey. Appellant testified that at the time he fired the shots, he felt Bailey was going to kill him by continuing to throw objects. With respect to the force utilized, at the time appellant fired the shots, Bailey had just thrown and hit appellant with a tire axle. The reasonableness of a defendant's belief in using deadly force is generally a question for the jury. *State v. Chambers*, 671 S.W.2d 781, 783 [7] (Mo. banc 1984).

The duty to retreat exists where retreat is practicable. *State v. Isom*, 660 S.W.2d 739, 742 [8–12] (Mo.App.1983). Although appellant testified he was afraid to turn his back on Bailey because appellant believed further objects would be thrown, this court agrees with the trial court's rea-

sonable inference that appellant could have retreated the ten feet back to his car without turning his back on Bailey. Retreat when possible with safety, is a duty required before resorting to deadly force. *State v. Gardner*, 606 S.W.2d 236, 239 [1] (Mo.App.1980); *State v. Young*, 510 S.W.2d 732, 734 [1, 2] (Mo.App.1974).

Additionally, even though the appellant may not have been the initial aggressor as discussed above, he was in Bailey's yard voluntarily. If the appellant was expecting to have difficulty with Bailey his right to defend himself did not arise until he had done everything in his power to avoid the necessity of using the weapon. *State v. Roberts*, 242 S.W. 669, 674 [3], 294 Mo. 284 (1922), quoting, *State v. Johnson*, 76 Mo. 121, 126 (1882).

Appellant trespassed on Bailey's yard and chose to remain there and fire his gun instead of retreating to his car when he could have done so. Therefore, he failed to meet the fourth requirement for a self defense submission. He did not do everything in his power consistent with his own safety to avoid the danger. Retreat was practicable. The trial court correctly refused appellant's self defense instruction. There was no error, plain or otherwise. Appellant's first point is denied.

In his second point on appeal, appellant contends it was error for the trial court to refuse appellant's offered instruction on excusable assault. Again, because of a violation of Rule 30.06(e), this court reviews for plain error. Rule 29.12(b). Self defense and excusable assault are inconsistent defenses, but both are required to be submitted when supported by the evidence, unless defendant's personal testimony is relied on to support both. *State v. Saunders*, 541 S.W.2d 530, 533 [2] (Mo. banc 1976).

In homicides, justifiable conduct, or self defense, implies that a defendant acted intentionally for his own protection. *State v. Williams*, 545 S.W.2d 342, 344 [4, 5] (Mo.App.1976). An excusable homicide defense, or accident, implies an involun-

tary, unintentional, non-negligent act. *Id.* Appellant admitted he intended to shoot Bailey's truck. There is no evidence in the record to support appellant's argument he fired his gun as the result of an accident. Appellant's second point is denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., concurs.

SMITH, J., dissents in separate opinion.

SMITH, Judge, dissenting.

I respectfully dissent.

Given the facts of this case, I do not believe we can decide as a matter of law the practicality of retreat. In my opinion the question was one for the jury.