**STATE of Missouri, Respondent,**

v.

**Bryan BOWMAN, Appellant.**

No. WD 45629.

Missouri Court of Appeals,
Western District.

Feb. 8, 1994.

Laura G. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay), Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and
LOWENSTEIN and FENNER, JJ.

LOWENSTEIN, Judge.

This is an appeal from criminal conviction of murder in the second degree and armed criminal action. Appellant appeals the: (1) failure to give MAI–CR 306.06 on self-defense; (2) refusal to allow testimony as to the victim's blood alcohol level; (3) admission of four photographs showing the victim's wounds; and, (4) submission of MAI–CR 300.2 and 302.04 regarding the definition of reasonable doubt.

Bowman was at the 6700 Club located in Kansas City on August 16, 1990 as was Victor Toca, the victim, who did not speak or understand English very well. A fight between two women erupted at the bar and continued outside. Toca was outside of the club, either taking part in or observing the fight, when he was confronted by Bowman and two other men. The men argued, despite a friend's urging for Toca to return to the club. Toca then went to his truck and retrieved a tire tool (crowbar). After Bowman grabbed the gun handed to him by a friend Toca ran south on Swope Parkway, with Bowman and his friends chasing after him. When Bowman got within five to ten feet of Toca he shot him. Toca fell in the street. Bowman then stood over him and fired two more times as Toca lay on his back, then fired a shot into Toca's head.

Officer Mikio of the Kansas City police heard the shots and arrived at the scene as he saw someone standing over Toca, firing a gun at him. He observed the shooter fire the shot into the victim's head. Mikio shined his spotlight on the men, and the assailant and the other men fled. Mikio then drove a short distance before he saw someone who looked like one of the men he had observed. When questioned by Mikio, Bowman said he ran because he heard the gunshots.

Bowman initially denied involvement in the shooting and later admitted, after confronted by statements made by witnesses, that he shot Toca after being hit in the head. He said his friend handed him the gun and he fired two or three shots and then the victim fell to the ground. He said he shot Toca for "revenge for hitting him in the head with the crowbar."

Toca was found lying on the street, with the crowbar some eighteen feet away. The gun was never retrieved. The autopsy revealed Toca had been shot four times.

Bowman testified in his own defense. He said Toca hit him in the head and chased him around the car several times. Toca stopped chasing him after he was handed a gun. Bowman said he took the gun and chased Toca down the street. He said Toca turned around and ran back towards him. Bowman testified that he pointed the gun and then squeezed the trigger. On cross-examination, Bowman denied intentionally pulling the trigger, said he didn't know how many times he pulled the trigger, and that he didn't shoot the victim after he was on the ground.

The jury found Bowman guilty of murder in the second degree and armed criminal action. Bowman was sentenced to concurrent terms of life imprisonment on the murder charge and 15 years for armed criminal action.

## FAILURE TO GIVE SELF–DEFENSE INSTRUCTION

 Bowman appeals the trial court's refusal of his Instruction No. D, based on MAI 306.06 (self-defense) because he injected the issue of self-defense and, therefore, was entitled to the instruction. A defendant bears the burden of injecting the issue of self-defense into the case by substantial evidence. *State v. Stinson,* 714 S.W.2d 839, 840 (Mo.App.1986); § 563.031.4, RSMo 1986. Furthermore, where the evidence shows self-defense, the issue must be submitted to the jury by instruction whether or it has been requested or not. *State v. Peoples,* 621 S.W.2d 324, 328 (Mo.App.1981). In order to claim self-defense, the defendant: 1) must not have provoked or been the initial aggressor; 2) must have reasonable grounds for the belief he is faced with immediate danger or bodily injury; 3) must not use more force than that which is necessary; and, 4) he must do everything in his power consistent with his own safety to avoid the danger and must retreat if retreat is practicable. *State v. Weems,* 840 S.W.2d 222, 226 (Mo. banc 1992); *State v. Allison,* 845 S.W.2d 642, 645 (Mo.App.1992). The self-defense instruction must be submitted when the evidence viewed most favorable to the defendant supports it. Self-defense only provides a defense, however, when the danger is imminent, not when the victim is in retreat. *State v. Arellano,* 736 S.W.2d 432, 435. (Mo.App.1987).

The evidence was that Toca was the instigator of the fight, and that he hit Bowman. However, Bowman testified after he grabbed the gun, Toca ran away and he then chased him. After Bowman chased Toca for a short while, he shot Toca. Furthermore, when he shot Toca once, causing him to fall down, he then shot him three more times. Since Toca retreated, Bowman was no longer in imminent danger and, therefore, he was no longer acting in self-defense. Additionally, besides becoming the aggressor, Bowman failed to comply with the retreat requirement. Bowman, after grabbing the gun and chasing off Toca, could have either gotten back into his car or even just stood there. The evidence does not support the administration of a self-defense instruction. *See Arellano,* 736 S.W.2d 432. Appellant's first point is denied.

## REFUSAL TO ALLOW TESTIMONY OF VICTIM'S BLOOD ALCOHOL LEVEL

 Bowman asserts error in the trial court's failure to admit evidence of the victim's blood alcohol level. This point is closely related to the first point regarding self-defense. Bowman argues Toca's blood alcohol level was relevant because it shows Toca's state of mind, and that Bowman was reasonable in believing deadly force was necessary. However, this court notes such force was not necessary since Toca retreated, and since Bowman did not do all he could do to regarding his own safety by retreating after Toca ran away. Since there was not sufficient evidence of self-defense, the evidence of the victim's blood alcohol level was not relevant and, therefore, not admissible. It was not erroneous to deny its admission into evidence. Appellant's second point is denied.

## ADMISSION OF PHOTOGRAPHS

 Bowman asserts error in the admission of pictures of Toca's wounds from the shooting, claiming the photos served no purpose other than to arouse the jury's passions and prejudice against him. The court's rulings regarding the admissibility of photographs will not be overturned absent a showing of an abuse of discretion. *State v. Isa,* 850 S.W.2d 876, 890 (Mo. banc 1993); *State v. Feltrop,* 803 S.W.2d 1, 10 (Mo. banc 1991) cert. denied —— U.S. ——, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991). Photo's may be admitted when they aid in establishing any element of the State's case, or where they help explain testimony. *Feltrop* 803 S.W.2d at 10; *State v. Ervin,* 835 S.W.2d 905, 917 (Mo. banc 1992) cert. denied —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). Even gruesome photographs are admissible if they aid in the jury's understanding of testimony, or prove any element of the State's case. *Isa,* 850 S.W.2d at 890. Pictures should not be rejected merely because, in accurately showing the injuries, they tend to be inflammatory. *State v. Weekley,* 621 S.W.2d 256, 260 (Mo.1981). This court finds the admission of the four pictures of the

victim's wounds was not an abuse of discretion. The third point is denied.

### *DEFINITION OF REASONABLE DOUBT*

In his last point on appeal, Bowman asserts error in the use of MAI–CR 3d 300.02 and 302.04 which define proof beyond a reasonable doubt as that which leaves one "firmly convinced" of the defendant's guilt. The Supreme Court has held the definitions in MAI–CR 3d 300.02 and 302.04 are constitutional and proper. *State v. O'Brien,* 857 S.W.2d 212, 222 (Mo. banc 1993). This point is denied.

The judgment is affirmed.

All concur.