KELLY, Circuit Judge,
concurring in the judgment.
“This panel is bound by Eighth Circuit precedent, and cannot overrule an earlier decision by another panel,” United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009) (quoting Passmore v. Astrue, 533 F.3d 658, 660 (8th Cir. 2008)), and Ramey argues only that Fogg was wrongly decided. But as the panel in Fogg noted, it remains “an open question in our circuit whether a statute that criminalizes the discharge of a firearm toward an occupied building or motor vehicle qualifies as a violent felony under the force clause.” 836 F.3d at 955 (citing United States v. Jordan, 812 F.3d 1183, 1186-87 (8th Cir. 2016)). Similarly, whether the statute in question here, Mo. . Rev. Stat. § 565.060.1(5), requires that the force be used against the person of another also remains undecided. See, e.g., State v. White, 138 S.W.3d 783, 785 (Mo. Ct. App. 2004) (finding evidence sufficient to support a conviction for second-degree assault under § 565.060.1(5) where the defendant *450 “waved the gun around as if he-was ‘playing soldier’ ” because “[t]he State was not required to prove [the defendant] intentionally pulled the trigger; its burden was satisfied by showing that [the defendant’s reckless handling of the weapon was volitional”); State v. Arellano, 736 S.W.2d 432, 436 (Mo. Ct. App. 1987) (“[0]ne may be reckless or criminally negligent when his conduct is undirected and random, without having a particular person as its target.” (emphasis added)). With this understanding, I concur in the judgment.