**UNITED STATES of America,**
**Appellee,**

v.

**Robert MARTIN, Appellant.**

**No. 11461.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 5, 1967.

Decided Jan. 11, 1968.

**384**

Appeal from the United States District Court for the Western District of North Carolina, at Statesville; Wilson Warlick, Judge.

Dennis J. Winner (Court-appointed counsel), Asheville, N. C., for appellant.

Wm. Medford, U. S. Atty. (William M. Styles, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

HAYNSWORTH, Chief Judge:

Charged with the interstate transportation of stolen cattle in violation of 18 U.S.C.A. § 2316 and with a conspiracy to obtain cattle for interstate transportation by the use of fraudulent checks in violation of 18 U.S.C.A. § 371, the defendant and his female confederate went to trial on pleas of not guilty. After the Government had rested and a conference with his retained counsel, defendant tendered a guilty plea on the substantive count. The plea was accepted, whereupon the conspiracy count was dismissed, and all charges against his confederate were dropped Imposition of sentence was postponed to afford the defendant an opportunity to make restitution.

When, not having made restitution, the defendant appeared for sentencing, he moved to withdraw his guilty plea on the ground that he had not understood that he was pleading to the knowing transportation of stolen cattle. His lawyer promptly informed the court that he had fully explained to his client that cattle procured by fraudulent checks were "stolen" within the meaning of the statute, and moved for leave to withdraw. The lawyer's motion to withdraw was denied, the proceeding continued, and sentence was imposed.

 We find no merit in the contention that the defendant was denied the effective assistance of counsel in the sentencing proceeding. When the defendant made the motion for leave to withdraw his plea on a factual assertion the lawyer knew to be untrue, he had a duty to the court and to himself to disclose the fact. Nor was the court required to suspend the proceedings to permit the defendant to procure the presence of another lawyer he had consulted, but whose services he had not engaged. The fact that the defendant had heard the entire case for the prosecution before he tendered his guilty plea, in light of the lawyer's representation, made the factual premise of the motion so frivolous that an interruption of the proceedings was not required.

It is also objected that when the guilty plea was accepted, the court did not inform the defendant that the maximum term of imprisonment that might be imposed was five years. The record shows only that the court obtained an affirmative answer to a question whether the defendant understood that a sentence of imprisonment, a fine or both might be imposed.

██ Rule 11 of the Federal Rules of Criminal Procedure requires that the court inform the defendant of the possible range of penalties. Technical noncompliance with the rule, however, is

not fatal if the defendant has the information from his lawyer or others. Only if he was uninformed and if his ignorance or misinformation had a possible bearing upon the voluntariness of his plea is resentencing required.

 In the absence of any suggestion that the defendant here did not know that a sentence of five years might be imposed upon him or that he was misled in any way, we think affirmance appropriate. Affirmance, of course, will be without prejudice, however, to subsequent consideration of the issue in any appropriate postconviction proceeding if the defendant should make a factual claim within the principle he invokes.

Affirmed.