STATE of Missouri, Respondent,

v.

Ronald C. CONNER, Appellant.

No. KCD 26627.

Missouri Court of Appeals,
Kansas City District.

Oct. 1, 1973.

James R. Sandifar, Certified Law Intern, Philip H. Schwarz, Supervising Atty., The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before SHANGLER, P. J. and SWOFFORD and WASSERSTROM, JJ.

SHANGLER, Presiding Judge.

Appellant was sentenced to imprisonment for a term of ten years by the Circuit Court of Jackson County, Missouri, upon his plea of guilty to the offense of assault with intent to kill with malice. Thereafter

appellant sought to set aside the judgment of conviction and sentence by a motion under Rule 27.26, V.A.M.R., later amended, which alleged numerous grounds for relief, all of which were rejected by the trial court. On this appeal, only two points are preserved for review: 1) appellant's guilty plea was defective because at the time it was entered the court did not determine that it was knowingly and voluntarily made with a complete understanding of the nature and consequences of the criminal act charged and, 2) appellant was not fully apprised by the court that the plea of guilty was a waiver of his constitutional rights against compulsory self-incrimination and to confront his accusers.

At the evidentiary hearing on the Rule 27.26 motion, appellant took the stand in support of an unsuccessful attempt to enlarge the inquiry beyond the scope of the remedy, but did not address himself to any of the grounds pleaded for relief. The only proof presented by appellant on the substance of the motion were the transcripts of the plea and sentencing proceedings. The prosecutor neither cross-examined appellant nor offered any witness on behalf of the State, so that the transcripts constituted the only evidence on the motion from either party.

Appellant's initial point is a contention that the plea proceedings did not conform to the requirements of Rule 25.04 that a court "shall not accept [a plea of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge". Appellant challenges the adequacy of the plea inquiry in two particulars: first, the trial court did not explain the nature of the offense or the acts which constitute assault with intent to kill with malice and, second, no determination was made that appellant knew the permissible range of punishment for the offense charged.

■ The first particular is readily answered. There is no requirement that a court conducting a plea inquiry under Rule 25.04 explain each technical element of an offense. Moore v. State, 496 S.W.2d 810, 812 (Mo.1973). It is sufficient that the proceedings show that the defendant had an understanding of the nature of the charge. Thus, where the accused admits in open court facts which sufficiently constitute the offense to which he pleads guilty, he is precluded from withdrawing his plea on the assertion that he did not understand the nature of the charge. Jones v. State, 471 S.W.2d 223, 228[3–5] (Mo.1971); Carter v. State, 472 S.W.2d 370, 373[2] (Mo.1971). At the plea proceeding, under questioning of his counsel, appellant related to the court the circumstances of the offense in some detail. The assault for which appellant was convicted arose from a family discord. Appellant's marriage was in dissolution; his wife had left with the children for the home of her parents. She had refused to speak with him on the telephone, so appellant went to see her and brought a gun. When he arrived at the home of his parents-in-law, the door was locked against him, so he shot through the glass of the front window and entered. Apparently, one or more of the bullets had struck his mother-in-law. He left, re-entered, and shot her once more. Under direct questioning by the court, appellant admitted that the last assault upon his mother-in-law was with the intent to kill her. This testimony, which confessed the elements of the offense of intent to kill with malice aforethought, met the requirements of Rule 25.04 that a defendant offering a plea of guilty have an understanding of the nature of the charge.

■ The second aspect of appellant's initial point requires a more fully developed answer. Appellant contends he was not advised by the trial court of the punishment which could be assessed against him as a consequence of his plea of guilty. And, in fact, the transcript of the plea proceeding nowhere discloses that appellant either was advised of the maximum sentence which could be imposed upon conviction of the offense or that it was otherwise known

to appellant.[1] Although not so expressed in terms, Rule 25.04 contemplates that a defendant be advised of the consequences of his plea of guilty [State v. Blaylock, 394 S.W.2d 364, 367 (Mo.1965)]—including the punishment which may result from his admission of guilt—before it may be accepted by the court as voluntarily made. State v. Good, 403 S.W.2d 594, 598[1] (Mo.1966); State v. Bursby, 395 S.W.2d 155, 159[3–5] (Mo.1965). Although in that particular the plea proceeding lacked substantial compliance with Rule 25.04, appellant is not entitled to withdraw his plea of guilty if the evidence on the Rule 27.26 motion to vacate the judgment, considered interstitially with what was said and done at the time the plea was entered, shows that appellant had knowledge of the range of punishment for the offense at the time he pleaded guilty. State v. Mountjoy, 420 S.W.2d 316, 322[1–8](Mo.1967); Winford v. State, 485 S.W.2d 43, 49[2–4] (Mo. banc. 1972).

▮▮ Since in this case the record of the post-conviction hearing is only a rescript of the plea and sentencing proceedings, whatever legal insufficiency inhered in the plea was neither corrected nor dispelled by that evidence. If the trial court's determination of the motion to withdraw the plea of guilty must rest on that proof alone—which is all that either party offered—appellant would be entitled to the relief he seeks in order to correct the manifest injustice of conviction on a plea neither knowingly nor understandingly made. That is because, although appellant bears the risk of non-persuasion of his grounds for post-conviction relief by a preponderance of the evidence [State v. Mountjoy, *supra*, 420 S.W.2d l. c. 323[4–8]; Rule 27.-26(f)], a record showing noncompliance with Rule 25.04 casts upon the state "[the burden] to come forward with evidence to show that the plea [was] knowingly and understandingly made" [State v. Grimm,

461 S.W.2d 746, 749 (Mo.1971)], in default of which appellant is entitled to the relief he seeks. Tyler v. State, 485 S.W.2d 102, 104[2, 3] (Mo.1972); Moore v. State, 461 S.W.2d 881 (Mo.1971); Mountjoy v. Swenson, 306 F.Supp. 379, 384 (W.D.Mo. 1969); Davis v. Swenson, 308 F.Supp. 635, 639[5] (W.D.Mo.1970). However, even when in such circumstances the state has not come forward with evidence that the plea was made with an understanding of the possible punishment, a judgment which denies post-conviction relief on that ground is sufficiently supported if it affirmatively appears from the record that there are " 'other circumstances from which it is evident that the defendant ha[d] the requisite understanding' ". State v. Blaylock, *supra*, 394 S.W.2d l. c. 367.

The trial court denied appellant's claim for post-conviction relief on a finding that "[a]ccording to the report of the mental examination, he fully understood the possible consequences of his plea including the range of punishment". The finding is a reference to the report of psychiatric examination made under the provisions of § 552.020, RSMo 1969, V.A.M.S., to determine appellant's fitness to proceed in the pending assault prosecution, and filed with the court as required by that statute. The precise narrative in the report to which the finding of the court obviously refers is the disclosure by appellant to the examining psychiatrist that "should [appellant] be convicted on this charge, he might receive a penalty of from two years to life in prison". Thus, the evidentiary source for the finding which denied appellant relief on this ground was neither the appellant nor the state, but the judicial notice of a court record. We conclude that, for the purpose employed by the court, the disclosure reported by the psychiatrist as made to him by appellant during the examination conducted under § 552.020 was a proper subject for the court's notice.

---

1. § 559.180, which establishes and defines the offense, provides for punishment by imprisonment in the penitentiary for not less than two years.

On a post-conviction proceeding the relevant question is whether " 'the plea of guilty was *in fact* voluntary and was made with an understanding of the nature of the charge [because] then no manifest injustice could have resulted.' " (Emphasis added.) Winford v. State, 485 S.W.2d 43, 49[2–4] (Mo. banc 1972). The question, therefore, is not whether appellant learned of the range of possible punishment from the judge at the formal plea proceeding, but whether at the time he gave his plea he had that knowledge from any source. Tucker v. United States, 409 F.2d 1291, 1295 (5th Cir. 1969); United States v. Martin, 389 F.2d 383, 384[3] (4th Cir. 1968). This is determined not only from the record of the evidentiary hearing but from the circumstances under which the guilty plea was entered. Flood v. State, 476 S.W.2d 529, 533[2, 3] (Mo. banc 1972); State v. Blaylock, *supra*, 394 S.W.2d 1. c. 367. One circumstance which is evidence of awareness of the range of punishment for an offense is a defendant's prior conviction for the same offense. State v. Good, 403 S.W.2d 594, 599[3–5] (Mo. 1966). Another significant circumstance which tends to show that a plea was voluntarily made with an understanding of the consequences is consultation by a defendant with his lawyer before the plea was entered. State v. Good, *supra*, 1. c. 599[3–5]; Grant v. United States, 424 F.2d 273, 275[2, 3] (5th Cir. 1970).

The record of the plea proceeding shows appellant as a young man of obvious intelligence making alert and articulate responses to the questions of the court and his retained counsel. Appellant had consulted with his counsel on numerous occasions relating to the pending charge. The court interrupted the plea inquiry to remind the parties that the question of appellant's fitness to proceed had not yet been determined. The psychiatric report, which evidently had been the subject of a pretrial conference the previous week, had found appellant competent to proceed in the pending prosecution. Counsel for appellant in open court accepted this finding and, in response to the direct question of the court, appellant did not contest his present capacity to proceed. The court thereupon made a determination of record that appellant was free from mental disease or defect and was fit to proceed. The plea inquiry was resumed and the plea of guilty was accepted by the court.

The report of psychiatric examination became a record in the criminal proceeding [although not a public record § 552.020, subd. 4] when filed with the clerk of the court as provided in § 552.020, subd. 2. In the determination of a motion to vacate a judgment and sentence under Rule 27.26, a court may take judicial notice of its own files and records in the related criminal proceeding to the extent the law allows. State v. Keeble, 399 S.W.2d 118, 122[14] (Mo.1966); State v. Stidham, 403 S.W.2d 616, 618[1–6] (Mo.1966). Subsection 6 of § 552.020 renders the report of psychiatric examination competent evidence on the issue of fitness to proceed. Subsection 9 of that statute prohibits the admission of any "statement made by the accused in the course of any examination or treatment pursuant to this section . . . in evidence against the accused on the ground of guilt in any criminal proceeding then and there pending in any court." The judicial notice of a statement made by an accused that he knows the punishment which could result from conviction for the offense with which he is charged, and to which he thereafter pleads guilty, however, is not affected by this statutory limitation. Such a statement does not bear on the issue of guilt, but on the consequences of a guilt already found. Nor was the post-conviction proceeding, in which the statement was given effect by judicial notice a pending criminal proceeding, one of the conditions which would have proscribed its use under the statute.

Appellant made no complaint at the post-conviction hearing, and makes none here, that he was uninformed of the

contents of the psychiatric report. § 552.-020, subd. 4 requires that a copy of the report be delivered to the accused or his counsel, and § 552.020, subd. 6, which accords an accused the personal right to contest the report, presupposes that the accused will have access to its contents. We conclude that the evidence of numerous consultations between appellant and his counsel before the plea of guilty was entered and the acceptance by appellant and his counsel, without contest, of the psychiatric opinion which narrates an accurate understanding by appellant of the range of possible punishment, are circumstances which sufficiently support the trial court's finding that appellant was aware of the consequences of his plea at the time it was entered. It is reasonably concluded as well that the knowledge of range of punishment attributed by the statement to appellant, a person without prior felony experience, is sufficiently recondite as to have come from counsel during consultation. The trial court properly denied relief on this ground.

█ The remaining point raised by appellant is that the guilty plea was defective because the court did not affirmatively advise him that a plea of guilty was a waiver of his constitutional rights against self-incrimination and to confront his accusers. As authority for this contention, appellant relies upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellant frankly confesses awareness that the Missouri Supreme Court has declined to apply the standards enunciated in *Boykin* retroactively [Crego v. State, 447 S.W.2d 550 (Mo.1969); State v. Grimm, 461 S.W.2d 746 (Mo.1971)] and that his plea was entered prior to the decision in *Boykin*. Appellant makes out a constitutional argument, however, that affirmative advisement by the court that a plea of guilty will waive these rights is required to assure the voluntariness of the plea and that a state procedure which does not impose such requirement violates the due process clause. This argument is fully answered in United States v. Frontero, 452 F.2d 406 (5th Cir. 1971), l. c. 415[12, 13]:

> This court is . . . aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "consequence", within the meaning of Rule 11 of which a defendant must be personally informed before a guilty plea may be accepted. Carrying [defendant's] argument to its logical conclusion, the court, before accepting a guilty plea, would be required to inform the defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory process for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from reasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized, and many more. We do not read Rule 11 as requiring this *nor do we feel that due process requires this.* (Emphasis added.)

See, also, Wade v. Coiner, 468 F.2d 1059, 1061[4] (4th Cir. 1972) and Stinson v. Turner, 473 F.2d 913, 915[1–3] (10th Cir. 1972).

The record shows that appellant's plea was voluntarily made with an understanding of the charge. Rule 25.04. The judgment of the trial court is affirmed.