**Peter WILEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36057.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 1, 1975.

Schurr & Inman, Robert L. Inman, Clayton, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Peter Wiley appeals from denial of his Rule 27.26 V.A.M.R., motion to set aside three judgments and to withdraw pleas of guilty to charges of first degree murder, first degree robbery and stealing a motor vehicle. Upon Wiley's entry of guilty pleas, the trial court sentenced him to consecutive terms of life imprisonment, life imprisonment and ten years. We affirm as to the murder judgment but reverse as to the robbery and stealing convictions.

Trial on the murder charge began May 25, 1964 and Wiley's attorney declared his client wished to plead guilty thereto. Before accepting that plea the court questioned Wiley extensively. Wiley acknowledged he had discussed the plea with his family and with trial counsel. He acknowledged he understood the penalty for murder was death or life imprisonment and that the state would not recommend the latter. He understood the court alone would decide the punishment, from which he could not appeal. He acknowledged no promises of leniency had been made. In answer to the court's question as to why he wished to plead guilty to murder, Wiley said, "Well, I want to plead guilty and throw myself on the mercy of the court." The court then asked, "What are you pleading guilty to?" Wiley responded, "To the murder." The prosecutor then related the State's anticipated evidence, not only about the murder but also the preceding robbery and stealing, all of which Wiley admitted was stated correctly.

Wiley does not now specifically challenge the court's sentence of life imprisonment on the murder charge. Instead, he contends the trial court erroneously failed to inform him that although the crime involved murder, robbery and stealing, the latter two charges were separate charges for which he could be sentenced separately and consecutively.

Before acting formally on the murder plea, the trial court and Wiley's counsel discussed disposition of the robbery and stealing charges. The court suggested to counsel that Wiley might as well plead guilty to the three charges, since all related facts would be considered in assessing punishment. During the court's questioning of him, Wiley acknowledged the murder and robbery were all part of one transaction. But at no time prior to arraignment or sentencing did anyone advise Wiley that by changing his pleas, he could be sentenced

separately for three offenses, either concurrently or consecutively. At the 27.26 hearing, Wiley testified he pleaded guilty believing all the charges were merged and that he would be sentenced only for the murder. Wiley's attorney testified he did not recall advising his client that the robbery and stealing charges were separate from the murder to which he was pleading guilty. The trial court never informed Wiley he could receive separate and consecutive sentences on the robbery and stealing charges as well as on the murder charge. Indeed, *before* sentencing Wiley on the murder charge, the court perfunctorily arraigned him on the robbery and stealing charges, and at that time Wiley acknowledged the robbery and murder were "all one transaction."

 In State v. Conner, 500 S.W.2d 300[3] (Mo.App.1973), the court said: "Although not so expressed in terms, Rule 25.04 contemplates that a defendant be advised of the consequences of his plea of guilty—including the punishment which may result from his admission of guilt . . . " *Conner* relies on the earlier case of State v. Bursby, 395 S.W.2d 155[3–5] (Mo.1965). There, defendants pleaded guilty to a three-count information and were sentenced to three consecutive four-year terms. Our facts differ, but the *Bursby* principle applies here: On multiple charges the court must be particularly cautious and "should question carefully the accused to determine that he is fully informed and correctly understands . . . that he may and will be sentenced on each and all [offenses] . . . and that the sentences may run concurrently or consecutively. A perfunctory examination will not suffice."

We conclude the plea arraignment on the murder charge could well have led Wiley to believe the robbery and stealing charges were merged into the murder charge. Further, the plea arraignments on the robbery and stealing charges did not meet the Rule 25.04 requirement that "de-

fendant be advised of the consequences of his plea of guilty—including the punishment which may result . . . " State v. Conner, *supra*. See also State v. Bonds, Mo.App., 521 S.W.2d 18, opinion filed March 11, 1975. Because of these deficiencies in the pleas to the robbery and stealing charges, the trial court erred in denying Wiley's motion at his Rule 27.26 hearing to set aside the guilty pleas to robbery and stealing.

The judgment is affirmed in part and reversed in part, and the cause is remanded to the trial court with instructions to set aside the judgments as to the robbery and stealing charges and to set aside movant's guilty pleas thereto.

KELLY and STEWART, JJ., concur.