**James E. BARBER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD27892.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer Denied March 29, 1976.

Thomas M. Larson, Public Defender, Kansas City, Joyce Wolfe, Law Intern, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge:

Movant appeals from a trial court denial of relief by motion under Rule 27.26. There was an evidentiary hearing.

Movant challenges the trial court's ruling by asserting that movant was not advised of the range of punishment and that his guilty plea was therefore involuntary and should have been set aside.

The trial court's order is affirmed.

■ The record made by the trial court at the time the plea was entered is silent as to the range of punishment. The thrust of movant's argument is that the record being silent, the plea is thereby tainted. Movant, in his brief here, concedes, however, that State v. Conner, 500 S.W.2d 300 (Mo.App. 1973), recognizes and holds that a record silent as to the range of punishment may be supplemented by extrinsic proof of the necessary knowledge on the part of the defendant. That portion of Conner cited in movant's brief is indeed appropriate. It is as follows, l. c. 302–303:

"The second aspect of appellant's initial point requires a more fully developed answer. Appellant contends he was not advised by the trial court of the punishment which could be assessed against him as a consequence of his plea of guilty. And, in fact, the transcript of the plea proceeding nowhere discloses that appellant either was advised of the maximum sentence which could be imposed upon conviction of the offense or that it was otherwise known to appellant. . . . Although not so expressed in terms, Rule 25.04 contemplates that a defendant be advised of the consequences of his plea of guilty [State v. Blaylock, 394 S.W.2d 364, 367 (Mo.1965)]—including the punishment which may result from his admission of guilt—before it may be accepted by the court as voluntarily made. State v. Good, 403 S.W.2d 594, 598[1] (Mo.1966); State v. Bursby, 395 S.W.2d 155, 159[3–5] (Mo. 1965). Although in that particular plea proceeding lacked substantial compliance with Rule 25.04, appellant is not entitled to withdraw his plea of guilty if the evidence on the Rule 27.26 motion to vacate the judgment, considered interstitially with what was said and done at the time the plea was entered, shows that appellant had knowledge of the range of punishment for the offense at the time he pleaded guilty. State v. Mountjoy, 420 S.W.2d 316, 322[1–8] (Mo.1967); Winford v. State, 485 S.W.2d 43, 49[2–4] (Mo. banc 1972)."

■ Movant, having recognized the rule of Conner, seeks to avoid its application by asserting that the State failed to carry the burden of going forward after a noncompliance with Rule 25.04 was shown. State v. Grimm, 461 S.W.2d 746, 749 (Mo.1971).

This argument is predicated on movant's interpretation of the testimony of movant's appointed counsel who testified at the evidentiary hearing. Movant directs attention to a portion of the lawyer's testimony in which he conceded that he did not discuss the range of sentence when defendant was forming his decision to change his plea.

The difficulty is that the lawyer's testimony taken as a whole shows that he *did* in fact tell him the range of punishment, as the lawyer put it, "early on," before the discussions with respect to changing the plea. Movant denied he was so informed, but the trial court was entitled to determine the issue of credibility.

The trial court's findings are not clearly erroneous. *Crosswhite v. State,* 426 S.W.2d 67 (Mo.1968). Affirmed.

All concur.