STATE of Missouri, Respondent,

v.

Gregory Michael PETTIT, Appellant.

No. 49957.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 1986.

Motion for Transfer to Supreme Court Denied Nov. 18, 1986.

Claude Hanks, Private Atty., St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

· Defendant appeals from his conviction of robbery in the first degree, burglary in the first degree, and armed criminal action.

As the sufficiency of the evidence is not at issue, a brief review of the facts is in order. In the early morning hours of May 26, 1984, the victim and her fiance were awakened from their sleep by voices in their bedroom. The bedroom was illuminated by light from the living room and hallway and also from flashlights carried by the intruders. By looking in the mir-

rored closet doors, the victim was able to see two men standing in the bedroom doorway. She described one as tall and the other as short and stocky.

The intruders announced a robbery and the short and stocky man forced the victim at gunpoint into the bathroom. He ordered her into the bathtub and bound her wrists with electrical tape. The short and stocky intruder spoke to the victim for some time, telling her how he had been watching her movements for a week. All the while, the victim could hear her house being ransacked. The whole ordeal lasted approximately thirty minutes. The victim telephoned police immediately after the incident and gave them a description of the short and stocky intruder's clothing, hair, and physical build, but could not describe his facial features as he wore a nylon stocking over his head.

Defendant, who matched the victim's description of the short and stocky intruder, was apprehended fleeing the area within twenty minutes after the incident. He was immediately returned to the scene of the crime for identification where he was shown to the victim in the light from the squad car headlights and a nearby street light. The victim positively identified defendant from the neck down based on his physical build, clothing, and in particular by his white high-top tennis shoes.

Defendant was subsequently convicted and sentenced to ten years on the robbery count, and five years each on the burglary and armed criminal action counts. The sentences are to run consecutively. We affirm.

■■■ Defendant's first allegation of error challenges instruction number nine, the instruction for armed criminal action, MAI–CR 2d 25.02, as an unfair comment upon evidence not adduced at trial. Defendant failed to include the instruction in the argument portion of his brief as required by Rule 30.06(e) and thus the point is not preserved for appellate review. *State v. Money*, 697 S.W.2d 269, 271 (Mo.App.1985); *State v. Williams*, 674 S.W.2d 46, 48 (Mo. App.1984). Defendant argues there was a lack of evidence regarding a "deadly weapon." Even had defendant complied with the rules, we would find no error as the victim identified defendant as the one who held the gun during the incident. A gun is considered a dangerous weapon in and of itself without proof that it was loaded and operable. *State v. Chunn*, 641 S.W.2d 829, 830 (Mo.App.1982).

In his second point, defendant contends the trial court committed error in allowing a police officer to testify as to how he discovered a broken window in the basement of the victim's residence. Defendant asserts testimony by the officer that the victim's son told him he found a broken window was inadmissible hearsay.

■■■ "Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein." *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). The testimony at issue was not offered to prove the truth of the statement, but rather to explain the officer's subsequent conduct, his investigation of the basement windowsill where he found broken glass stained with blood. It is well established that testimony offered to explain conduct, rather than to prove the truth of the facts testified to is not inadmissible hearsay. *State v. Brooks*, 618 S.W.2d 22, 25 (Mo. banc 1981); *State v. Clay*, 686 S.W.2d 516, 518 (Mo.App.1985).

■■■ We perceive defendant's third point to contend he was subjected to double jeopardy by being convicted of both first degree robbery and burglary in the first degree in that the convictions were based on identical evidence. The test as to whether a defendant has been placed in double jeopardy is whether each offense necessitates proof of a fact which the other does not. *State v. Charles*, 612 S.W.2d 778, 781 (Mo. banc 1981), *cert. denied*, 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

First degree robbery and burglary in the first degree require proof of distinct elements. First degree robbery requires a forcible theft while first degree burglary requires a knowingly unlawful entry into, or stay in, a building. *State v. Coats*, 668 S.W.2d 119, 120 (Mo.App.1984). The fact that there is some overlapping evidence that supports the convictions for both offenses does not violate the prohibition against double jeopardy. *State v. Murray*, 630 S.W.2d 577, 582 (Mo. banc 1982). We find defendant was not convicted of both offenses on identical evidence as there was sufficient evidence in the record to support the distinct elements of each offense.

In his final point on appeal, defendant alleges the trial court erred in refusing to grant his motion for new trial or judgment notwithstanding the verdict because the victim's identification testimony of defendant was based on identification procedures that were impermissibly suggestive and unreliable. To preserve a challenge to identification testimony, defendant is required to file a pre-trial motion to suppress the testimony, object timely at trial, and include the issue in his motion for new trial. *State v. Smith*, 675 S.W.2d 690, 693 (Mo.App.1984); *State v. Johnson*, 533 S.W.2d 629, 631 (Mo.App.1976). Defendant has neglected to do any of the above and our review is therefore limited to plain error; error that results in "manifest injustice" to defendant. Rule 29.12(b).

Defendant challenges as suggestive the procedure whereby he was brought to the victim's home for identification approximately twenty minutes after the crime. Defendant also claims the victim's identification was unreliable as he alleges there was insufficient light in the victim's bedroom for her to have fully viewed the intruder and moreover the victim was unable to identify defendant's face as she testified the intruder wore a nylon stocking that distorted his features.

It is approved procedure in Missouri to return a freshly apprehended suspect to the scene of the crime for prompt identification by an eyewitness. *State v. Overstreet*, 694 S.W.2d 491, 495 (Mo.App. 1985); *State v. Cole*, 662 S.W.2d 297, 302 (Mo.App.1983). The linchpin of due process in identification procedures is reliability, rather than suggestiveness. *State v. Robinson*, 641 S.W.2d 423, 427 (Mo. banc 1982) (citing *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977)). Bringing a suspect to the scene of the crime for identification can greatly improve reliability by minimizing the length of time between the crime and confrontation. *Overstreet, supra*, at 495.

The standard for determining the prejudicial effect of a pre-trial identification procedure is "whether the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Young*, 701 S.W.2d 490, 495 (Mo.App.1985). Determination of the reliability of identification evidence depends on the totality of the circumstances, including the witness's opportunity to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of the witness's prior description of the criminal; the witness's level of certainty at the confrontation; and the length of time between the crime and the confrontation. *Robinson, supra*, at 427; *State v. Cooper*, 691 S.W.2d 353, 355–56 (Mo.App.1985).

We find no manifest injustice resulted from the pre-trial identification procedures. The victim testified the intruder was in her home for at least thirty minutes. Her bedroom was illuminated by light from the hallway and living room and, for some period, by the intruders' flashlights. The victim had ample time to view defendant at the scene of the crime and immediately after the incident gave police an accurate description of his hair, build, and clothing.

Defendant was shown to the victim in the light of the police car headlights and a nearby street light. The victim positively identified defendant from the neck down based on his build, clothing, and high-top tennis shoes. The intruder's characteristics were fresh in the victim's mind as the

time between the crime and confrontation was only some twenty minutes. We find the pre-trial identification procedure to be reliable and accordingly deny defendant's point four. The judgment is affirmed.

SMITH, P.J., and REINHARD, J., concur.