STATE of Missouri,
Plaintiff–Respondent,

v.

Geoffrey McNUTT,
Defendant–Appellant.

No. 52673.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 19, 1988.

Mary Beth Ponte Soffer, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKY, Judge.

The defendant, Geoffrey McNutt, was convicted by a jury in the Circuit Court of the City of St. Louis of tampering in the first degree, a class C felony, in violation of Section 569.080.1(2), RSMo 1986 and was sentenced to three years imprisonment. He appeals his conviction and we affirm it.

On the evening of Monday, January 20, 1986 a car was stolen from 4311 Page. That same evening officers Anthony Dehntjer and Daniel Simpher spotted the stolen vehicle in the 4200 block of Garfield. The officers pursued the vehicle for several blocks then pulled alongside of the car and shone a spotlight on the car. The driver exited the car and jumped from the car on to the hood of the patrol car. The suspect was pursued on foot but escaped.

Officer Simpher broadcast a description of the vehicle over the police radio. Officers Jeffrey Kowalski and William Moore responded to the scene to assist and received a description of the driver. Upon hearing the full description, the officers thought the suspect sounded like the defendant, with whom they were familiar.

On January 26, 1986 officers Moore and Kowalski saw the defendant operating his vehicle. Since they were familiar with the defendant and he fit the description of the suspect wanted in connection with the January 20th incident, they stopped him. Officer Simpher responded to the scene to lend assistance and recognized the suspect as the driver of the stolen car he observed six days earlier. The defendant was arrested and was tried by a jury on October 14, 1986.

In his first point the defendant argues that the trial court erred in overruling his motion to suppress the identification testimony of officers Simpher and Dehntjer. He argues that the opportunity the officers had to view the suspect on the night in question was not of sufficient length to lend reliability to the identification. The linchpin of due process in identification procedures is reliability. *State v. Pettit*, 719 S.W.2d 474, 477 (Mo.App.1986). "Determination of the reliability of identification evidence depends on the totality of the circumstances, including the witness's opportunity to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of the witness's prior description of the criminal; the witness's level of certainty at the confrontation; and the length of time between the crime and the confrontation". *Id.*

■ Applying these factors to this case, it is clear that the identification made by officers Simpher and Dehntjer was reliable. The officers testified that they first observed the defendant when the police car pulled alongside the car driven by the defendant and turned on the spotlight. When the car stopped, the driver's door was partially blocked by the police car and the officers watched for approximately ten seconds as the defendant tried to squeeze out of the car. The defendant then jumped onto the hood of the police car and remained there approximately ten seconds. While on the hood of the car, the spotlight was shining on the defendant, he was looking directly into the windshield of the police car with his face only twenty-four inches from the officers. The defendant then jumped off the hood of the car and ran. Officer Dehntjer pursued him but the defendant escaped. Consequently the officers had the opportunity to view the defendant during the ten seconds he attempted to leave the car, and for the additional ten seconds he was on the hood of the patrol car looking directly at the officers with the spotlight shining directly on his face. While the officers' opportunity to view the suspect was brief, it was not so brief so as to preclude the officers' identification testimony.

There is no indication that at the time the officers viewed the defendant they were less than keenly aware of the events which were occurring around them. The officers were on duty and were pursuing a stolen car which was being driven by the defendant. At the time that defendant jumped onto the hood of the patrol car both cars had come to a complete stop and the officers were in the front seat of the patrol car.

■ Defendant argues that the accuracy of the description broadcast over the police radio was poor and thus indicated unreliability. Officer Simpher in his broadcast described the suspect as a black male, 19 to 23 years old, approximately five-ten, 150 pounds, with medium length curly hair, a moustache and goatee, wearing a beige jacket, blue jeans, white tennis shoes and a black cap. When Officers Moore and Kowalski arrived on the scene to assist, Simpher recounted the broadcast description and told them that the suspect was also wearing gloves and large glasses. Defendant argues that in reality he was 22 years old, five-seven, and weighed 145 pounds. He does not dispute the fact that he was wearing glasses, had curly hair, a moustache and goatee. These minute discrepancies between the description given by the officers at the scene and the defendant's actual appearance go only to the weight of the testimony, not its admissibility. *State v. Powell*, 648 S.W.2d 573, 577 (Mo.App. 1983).

■ The level of certainty exhibited by the officers at pretrial confrontations also indicate the reliability of the identification

**410**

made by the officers. On January 26, officers Kowalski and Moore stopped the defendant because they recognized him as matching the description provided by officer Simpher. When officer Simpher arrived on the scene he recognized the defendant as the suspect he had seen on January 20th. When Simpher escorted the defendant back to the police station, officer Dehntjer saw them in the hallway and recognized the defendant from the January 20 incident. Neither officer had any doubt that the defendant was the man they had observed in the stolen car on January 20. At trial both officers identified the defendant as the driver of the stolen car.

 The length of time between the crime and the confrontation was six days. It has been held that a seventeen month period between the crime and the confrontation when coupled with other indicia of reliability was not sufficient reason to exclude identification testimony. *State v. Story,* 646 S.W.2d 68, 71 (Mo. banc 1983). This point is ruled against the defendant.

In defendant's second point he argues that he was denied his constitutional rights when the trial court failed to quash the jury panel because the prosecutor used five of his peremptory challenges to eliminate black persons from the venire. He argues that under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) he made a prima facie showing of racial discrimination in the state's exercise of peremptory challenges which the state failed to rebut by coming forth with race-neutral reasons for the strikes.

We have reviewed the record of voir dire in its entirety and find no *Batson* issue for our review. At the close of voir dire the court asked defense counsel, "Panel acceptable to the defense?" Counsel replied, "Yes, your honor." Shortly thereafter defense counsel stated:

> Your Honor, before we begin that, if I may request permission, for the record, to reflect that the—that the following jurors were struck pre-emptorily (sic) by the State, that the following jurors are black, they were struck pre-emptorily (sic) by the State in light of the *Batson*

*versus Kentucky,* I wish to have that set forth in the record.

The record does not disclose any objection, motion to quash the jury panel or motion for mistrial made at any time by defense counsel. The rules of appellate review require an objection and proper request for relief as a predicate to examination on appeal of matters arising at trial. *State v. Evans,* 639 S.W.2d 820, 822 (Mo. 1982). Because the defendant affirmatively expressed his satisfaction with the jury as seated and did not preserve his Batson issue for appellate review, his point is denied.

The judgment of the trial court is affirmed.

STEPHAN, P.J., and DOWD, J., concur.