**STATE of Missouri, Plaintiff–Respondent,**

v.

**Tracy Lee STORMENT, Defendant–Appellant.**

**No. 16083.**

Missouri Court of Appeals, Southern District, Division Two.

July 2, 1990.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William J. Stewart, Bolivar, for defendant-appellant.

MAUS, Judge.

Count I of an amended information charged defendant Tracy Lee Storment committed robbery in the second degree on December 4, 1987, in that he forcibly stole money owned by the victim. Count II charged that on that day he committed burglary in the first degree in that he knowingly entered unlawfully the home of the victim for the purpose of committing stealing and while the victim was there. Count III charged that on that day he forcibly raped the victim. Defendant waived a jury trial. Following a trial, the trial court found defendant guilty upon each of the three counts. The trial court sentenced defendant to imprisonment for the following terms: Count I—10 years; Count II—10 years; Count III—30 years. The sentences were ordered to run consecutively. The defendant purports to state five points on appeal.

The only witnesses were the victim and a deputy sheriff who investigated the crimes. The following is a condensation of the facts drawn from the testimony of the victim. She was a 74–year–old widow who lived alone in a rather remote area of Polk County. She lived in the house in which she was born. It is a reasonable inference that her son had several used motor vehicles on the premises, presumably a salvage operation.

At approximately 10:30 p.m. on the night in question, the victim was awakened by a knock at the front door. She opened the door, leaving the screen door latched. Two

young men were on the porch and wanted to use the telephone as they were out of gas. She would not admit them, but agreed to call a number for them. While she was doing so, one of the men pushed out a board which had been used to repair a hole in the screen door and opened that door. One immediately pulled the cord and turned off the hanging light bulb the victim had turned on. She was thrown to the floor. One lay on top of her and held her down. She tried to fight but her assailant warned her she'd better not scratch him. She was afraid. Replying to the intruders' demand, she said her money was in the little purse on her bed. They took $60. They also took other items such as a radio, credit card, keys, and stamps. The one holding her down raped her.

Defendant and his brother, Bruce Allen Storment, had come to the victim's farm in the first part of each of the preceding months of October and November to look at cars. In November they were going to buy four cars. She told them she would have to ask her son. They were driving a light brown car.

When asked who was on the porch, the victim answered, "Well, them two brothers." For some unknown reason, the trial court sustained the defendant's motion to strike that testimony because she characterized the people as brothers and defense counsel did not believe she had that personal knowledge. She subsequently said there were two men. She later was permitted to testify one of them, she guessed Tracy, pulled the light out. She identified the defendant as the man who raped her. On cross-examination, she conceded she didn't get a good view of the men on the porch and it was pretty dark inside when the inside light was turned off. But, she added there was still light in the house from the big yard light. When asked if she was sure of her identification of the defendant as the rapist, she replied, "A. I'm pretty sure it was, though." When asked if she was positive, she replied, "A. Well, no. No. But I believe it was." She conceded she had been told which name went with which brother.

The morning following the crime, the deputy sheriff began his investigation. He went to the defendant's home where he saw a brown Chevrolet. The defendant denied being at the victim's house. The defendant said he hadn't been in that part of the county that night.

Subsequent investigation developed enough evidence for the deputy sheriff to arrest the defendant on December 6, 1987. The deputy sheriff took a tape recorded statement from the defendant at the jail. This was transcribed into Statement No. 1, which consists of nine sheets signed by the defendant. At a suppression hearing, the trial court suppressed Statement No. 1 because the defendant signed the sheets before the transcription, even though the deputy sheriff testified the defendant examined each typed sheet and said they were correct.

At trial, Statement No. 1 was not offered in evidence. The deputy did relate the verbal statements of the defendant as the deputy remembered them. These statements were a detailed confession of the commission of the crimes, except for defendant's denial of any sexual offense. The tape was not presented as evidence.

Later, the deputy confronted the defendant about the veracity of his denial of the sexual offense. He said he lied because he was ashamed. The defendant then wrote answers to twelve questions. The questions and defendant's answers constitute a graphic confession of the rape.

 The defendant's first point is that the trial court erred in denying his motion to dismiss either the charge of stealing or the charge of burglary, an unlawful entry with the intent to commit the felony of stealing, because the prosecution of those two charges subjected him to double jeopardy. He argues, "[t]he same facts are present in both offenses". He cites and relies upon *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

 The defendant misconceives the principles applicable to his point. It is now clearly established

"the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense *for which the defendant has already been prosecuted.*" *Grady v. Corbin,* — U.S. —, —, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990), affirming 74 N.Y.2d 279, 545 N.Y. S.2d 71, 543 N.E.2d 714 (1989) (emphasis added).

However, that case recognizes that the offenses involved, even though dependent upon the same conduct, could have been prosecuted "in a single proceeding, thereby avoiding this double jeopardy question." *Grady,* — U.S. at —, 110 S.Ct. at 2095. That principle has been recognized in *State ex rel. Bulloch v. Seier,* 771 S.W.2d 71 (Mo. banc 1989), cert. denied, — U.S. —, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990). The prosecution of the defendant in a single proceeding for stealing and burglary did not offend the Double Jeopardy Clause. *State v. Pettit,* 719 S.W.2d 474 (Mo.App. 1986); *State v. Coats,* 668 S.W.2d 119 (Mo. App.1984).

■ The defendant's next point is that the trial court erred in overruling defendant's "motion for acquittal at the close of the state's evidence and at the close of all the evidence because there was insufficient evidence presented to establish the commission of a crime." In view of the evidence, this point is astonishing. Consideration of the argument under the point reveals the defendant's only specific complaint is that the finding of guilt on the rape charge was based upon the testimony of the prosecutor in the form of leading questions.

The record is replete with the defendant's objections to questions by the prosecutor on the basis they were leading. Only four were overruled and properly so. In some instances questions were unartfully framed, objections improperly sustained, and testimony made disjointed by improper interruptions of the witnesses. It is not necessary to rehash the evidence. It is sufficient to observe that a critical examination of the record demonstrates there was sufficient competent evidence properly admitted to provide overwhelming proof of the defendant's guilt.

■ By a separate point, the defendant contends the trial court erred "in overruling defendant's objection to testimony of Deputy Sheriff Kay Williams about alleged statement of defendant and further in overruling defendant's objection to physical evidence being admitted". The latter objection refers to the stolen credit card and similar items which were found where the defendant said he had thrown them. It also includes the stolen radio found concealed in the defendant's house where he said he had hidden it. As noted, the trial court suppressed the transcript of the defendant's tape recorded confession. The alleged basis for that suppression has been discussed. Also, as stated, at the trial the deputy testified concerning the oral statements of the defendant which were recorded and transcribed. It is that testimony which is the subject of this point. It is not necessary to determine the propriety of that suppression.

The invalidity of the defendant's point is conclusively established by the fact he objected to the testimony of the deputy only on the unsubstantiated basis the statement was not voluntary.

■ The defendant also complains the state did not prove venue. The case was tried in Webster County upon a change of venue. However, the offenses were alleged to have been committed in Polk County and the proceedings prior to the change of venue were had in Polk County. The evidence established the offenses were committed at the victim's home. The record contains the following question and answer:

"[Prosecutor:] Q. Okay. And do you live in Polk County?

A. [Victim:] Yes."

The point has no merit.

■ The defendant's final point is that the sentences constitute cruel and unusual punishment and "was disproportionate to the crime committed." He cites *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77

L.Ed.2d 637 (1983). The defendant at 10:30 p.m. unlawfully entered the rural home of a 74-year-old widow, threw her to the floor, held her down, raped her and stole her money. The subject of cruel and unusual punishment and the requirement of comparative proportionate analysis of the sentences are discussed in *State v. Carlton*, 733 S.W.2d 23 (Mo.App.1987). The punishment of the defendant is not disproportionate to the gravity of the offenses he committed. The point is denied and the judgment is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.

SHRUM, J., not participating because not a member of the court when cause submitted.