Kenneth PAYNE, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 63241.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 19, 1993.

Dave Hemingway, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm in part, and reverse and remand in part.

On May 6, 1988, movant pled guilty to one count of second-degree burglary, § 569.170, RSMo 1986, and two counts of stealing $150.00 or more, § 570.030, RSMo 1986. At the plea hearing, movant admitted, in his own words, that he had committed acts sufficient to support convictions on the charges to which he was entering pleas. The court deferred sentencing until June 24, 1988, ordering the Missouri State Board of Probation and Parole to complete a Pre–Sentence Investigation and Report. On June 24, 1988, after receiving the report, the court suspended imposition of movant's sentences and placed him on probation for a five year period. The court also ordered movant to complete 30 hours of community service.

On January 23, 1991, a probation revocation hearing was held. At the hearing, movant's probation officer testified that movant had frequently violated his probation terms. He also stated that movant had been arrested and charged with two counts of first-degree burglary, one count of first-degree robbery and one count of attempted rape, and that movant had failed to report these arrests within 48 hours (as required by the terms of his probation). He concluded that movant was a danger to the community and recommended the revocation of movant's probation.

The court found that movant had violated the conditions of his probation, revoked his probation and sentenced him to three consecutive terms of seven years' imprisonment. Movant filed a *pro se* Rule 24.035 motion which was later amended by appointed counsel. The court denied the motion without an evidentiary hearing.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986); Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ Movant first asserts that the motion court clearly erred in failing to issue findings of fact and conclusions of law of sufficient specificity. We disagree. Findings of facts and conclusions of law are sufficient if they enable the reviewing court to determine whether the findings, conclusions and judgment of the court are clearly erroneous. *Kennedy v. State*, 771 S.W.2d 852, 855 (Mo. App.1989). The motion court's findings and conclusions are sufficient to permit meaningful review. This point is ruled against movant.

Movant's next point raises two claims relating to counsel ineffectiveness. He asserts his counsel was ineffective because counsel: (1) "failed to [investigate the possibility of] going to trial"; and (2) "failed to inform [movant] that the court could impose consecutive sentences." He argues that these claims are not conclusively refuted by the record, and thus a remand for an evidentiary hearing is required.

■ After a plea of guilty, the issue of effectiveness of counsel is material only to the extent it affects whether the plea was voluntarily and knowingly made. *Sanders v. State*, 770 S.W.2d 447, 448 (Mo.App.1989). To be entitled to an evidentiary hearing movant must: "1) cite facts, not conclusions, which, if true, would entitle [him] to relief; 2) the factual allegations must not be refuted by the record; and 3) the matters complained of must prejudice the movant." *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Movant is not entitled to an evidentiary hearing if the motion court determines that the motion and the files and records of the case conclusively show that he is entitled to no relief. *Id.;* Rule 24.035(g).

■ We first note that defendant nowhere states, in his *pro se* motion, amended motion,

or on appeal, what evidence was not uncovered by counsel's alleged failure to investigate. A motion for post-conviction relief claiming that an attorney's investigation was inadequate must specifically allege what information the attorney failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have improved the movant's position. *Grayse v. State*, 817 S.W.2d 640, 642 (Mo.App.1991). Movant has made no such allegations. Further, this claim is refuted by movant's responses at the plea hearing.

Movant's second argument is that he was not informed by his counsel of the possibility of consecutive sentences. He claims that because of counsel's omission, he labored under a misconception that consecutive sentences were not possible. He further states that "[t]he prosecutor's statement that the penalty range 'on all three counts' was up to [seven] years bolstered [this] mistaken belief...."

■ An attorney has the obligation to inform his or her client of the possible range of punishment for the offenses to which the client pleads. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979). Rule 24.02(b)(1) imposes a similar requirement on the plea-hearing court. It states:

> (b) **Advice to Defendant.** Before accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:
>
> 1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law....

■ In *Wiley v. State*, 522 S.W.2d 41, 43 (Mo.App.1975), Judge Clemmons, speaking for our court and relying upon *State v. Connor*, 500 S.W.2d 300[3] (Mo.App.1973), and *State v. Bursby*, 395 S.W.2d 155[3–5] (Mo. 1965), concluded that where a defendant is pleading guilty to *multiple counts*, Rule 25.04 (the predecessor of Rule 24.02) requires the court to inform the defendant that the sentences may be made to run consecutively or concurrently.

■ The issue of court compliance with Rule 24.02(b)(1) is not before us on this appeal.[1] However, at the plea hearing, neither the court, prosecuting attorney, nor defense counsel informed movant that the sentences could be made to run consecutively, and there are no other indications in the record that movant had ever discussed the sentencing possibilities with his counsel. Thus the record, in these circumstances, does not conclusively refute movant's claims.

This case is remanded to the motion court for an evidentiary hearing on this issue alone. If, after hearing evidence, the court makes a finding that movant's claim is without merit, the court shall deny it. If the court determines that movant had not been informed of the possibility of consecutive sentences and was under a reasonable misapprehension that consecutive sentences were not possible, the court shall either vacate the sentences or resentence the movant to concurrent terms.

Movant raises several other claims of error. We have examined these claims and find them to be without merit. The judgment of the motion court is affirmed in all respects except for the remand on the consecutive sentence issue.

CRANDALL, P.J., and CRIST, J., concur.

---

1. A claim of court error under Rule 24.02(b)(1) must be separately raised in a post-conviction motion to be reviewed on appeal. *See Hoffman v. State*, 816 S.W.2d 930, 931 (Mo.App.1991).