**Earl HOLLAND, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 71830.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 28, 1997.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

Movant pled guilty to one count of second degree burglary, section 569.170, RSMo 1994,[1] and one count of stealing property worth more than $150, section 570.030. Movant was given a suspended sentence.

At the guilty plea hearing, the court explained a number of matters to movant and asked him a series of questions. While explaining the range of punishment, the following exchange occurred:

THE COURT: You understand the range of punishment for this offense is—they're each Class C felonies, so they go from a day in jail up to seven years in the penitentiary, together with possible fines of up to five thousand dollars on each charge. Do you understand that?

[MOVANT]: Yes, sir.

Upon the revocation of his probation, movant was sentenced to consecutive terms of seven years for each offense. Movant filed a Rule 24.035 motion to vacate his conviction alleging he received ineffective assistance of counsel and that his conviction violated the protection against double jeopardy. The trial court denied movant's motion without an evidentiary hearing.

■ In his first point, movant alleges that his conviction for both burglary and stealing amounts to double jeopardy because "the purpose of the burglary was 'committing stealing,' the complete offense charged in Count II." The test for whether a defendant has been placed in double jeopardy is whether each offense necessitates proof of a fact which the other does not. *State v. Pettit,* 719 S.W.2d 474, 476 (Mo.App. E.D.1986). It is well settled that the prosecution of a defendant in a single proceeding for stealing and burglary does not offend the Double Jeopar-

dy Clause. *State v. Storment,* 791 S.W.2d 955, 958 (Mo.App. S.D.1990) (citing *Pettit;* and *State v. Coats,* 668 S.W.2d 119 (Mo.App. E.D.1984)).

■ In his second point, movant alleges the trial court erred in denying him an evidentiary hearing on his ineffective assistance of counsel claim because the record does not clearly indicate movant understood that the plea bargain called for two convictions which could result in a total of fourteen years imprisonment, and that had he been aware of that risk, he would not have pleaded guilty.

■ Our review is limited to determining whether the findings, conclusion, and judgment of the motion court are clearly erroneous. *Melton v. State,* 927 S.W.2d 391, 393 (Mo.App. E.D.1996); Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Melton,* 927 S.W.2d at 393.

■ In order to be entitled to an evidentiary hearing, movant must (1) cite facts, not conclusions, which, if true, would entitle him to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice movant. *Tolen v. State,* 934 S.W.2d 639, 641 (Mo.App. E.D. 1996). When a movant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made. *Id.*

This court addressed a similar issue in *Payne v. State,* 864 S.W.2d 17, 19 (Mo.App. E.D.1993). There, we stated:

An attorney has the obligation to inform his or her client of the possible range of punishment for the offenses to which the client pleads. *Rice v. State,* 585 S.W.2d 488, 493 (Mo.banc 1979).

* * *

In *Wiley v. State,* 522 S.W.2d 41,43 (Mo. App.1975), Judge Clemmons, speaking for

1. All statutory references are to RSMo 1994.

our court and relying upon *State v. Conner*, 500 S.W.2d 300[3] (Mo.App.1973); and *State v. Bursby*, 395 S.W.2d 155[3–5] (Mo. 1965), concluded that where a defendant is pleading guilty to *multiple counts*, Rule 25.04 (the predecessor of Rule 24.02) requires the court to inform the defendant that the sentences may be made to run consecutively or concurrently.[2]

We have examined movant's point and our reading of the transcript leads us to believe that the court's statements, although somewhat confusing, informed movant that he was pleading guilty to two separate charges. But, there is nothing in the record to show defendant knew that, or that his counsel informed him, he could receive consecutive sentences on the charges if his probation was revoked. *Payne* mandates that we remand for an evidentiary hearing on this issue.

The judgment of the motion court is reversed and remanded for hearing.

KAROHL and ROBERT G. DOWD, Jr., JJ., concur.

---

**2.** The issue of court compliance with Rule 24.02(b)(1) is not before us here. To be reviewed on appeal, claims under Rule 24.02(b)(1) must be raised separately in a post-conviction motion. *See Hoffman v. State,* 816 S.W.2d 930, 931 (Mo. App. S.D.1991).